AVIATION SUPPLIERS
ASSOCIATION, INC.,
Petitioner

v.

Michael P. HUERTA, Administrator,
et al., Respondents

No. 16-1202
September Term, 2016

United States Court of Appeals,
District of Columbia Circuit.

Filed On: January 25, 2017

Jason Adam Dickstein, Washington Aviation Group, Washington, DC, for Petitioner.

John S. Koppel, Mark B. Stern, Lewis Yelin, Attorneys, U.S. Department of Justice (DOJ), Civil Division, Appellate Staff, Washington, DC, for Respondents.

Before: Tatel and Millett, Circuit Judges, and Williams, Senior Circuit Judge.

## JUDGMENT

Per Curiam

Upon consideration of the record from the Federal Aviation Administration and the briefs and arguments of the parties, it is

ORDERED AND ADJUDGED that the petition for review be dismissed.

Because airplanes have a habit of crossing jurisdictional lines, the Federal Aviation Administration and the European Aviation Safety Agency ("EASA") have a practice of jointly issuing Mainte-

nance Annex Guidance, which describe the requirements for maintaining European Union registered airplanes in American repair centers. Petitioner, a group representing suppliers of parts for airplane repairs, challenges and seeks to enjoin certain Guidance revisions that require parts to have specified documentation before they can be installed on European airplanes. Petitioners also challenge FAA Notice 8900.360 (May 2, 2016), which announced that the FAA and EASA had agreed temporarily to postpone the compliance deadline for that requirement. Petitioner's objection rests on the proposition that European Union regulations under some circumstances permit the use of parts lacking the documentation required under the revised Maintenance Annex Guidance. But the Guidance revisions describe EASA's view of the documentation required to comply with European law, so an injunction against FAA enforcement would provide petitioner's members no relief. See *Spectrum Five LLC v. Federal Commc'ns Comm'n*, 758 F.3d 254, 260-261 (D.C. Cir. 2014) (holding plaintiff lacked standing to challenge agency order because redress of the alleged harm depended on action by "an international organization that is not regulated by our government and therefore not bound by this Court or the [agency]" and because plaintiff failed to show that a favorable ruling would create a "significant increase in the likelihood" that its injury would be redressed). Accordingly petitioner lacks standing and we lack subject matter jurisdiction.

Pursuant to Rule 36 of this Court, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for re-hearing or petition for rehearing *en banc*. See FED. R. APP. P. 41(b); D.C. CIR. R. 41.